UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
WE ARE THE PEOPLE, INC. and JACOB MILTON,       :
:
Plaintiffs,   :
:        19-CV-8871 (JMF)
-v-                      :
:        MEMORANDUM OPINION
FACEBOOK, INC. MARK ZUCKERBERG, and             :             AND ORDER
SHERYL SANDBERG,                                :
:
:
Defendant.    :
:
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This action arises out of claims by Plaintiffs We Are the People, Inc. and Jacob Milton, Bangladeshi Muslim human rights activists, against Facebook, Inc. ("Facebook") and two of its officers. Specifically, in their Amended Complaint filed on November 4, 2019, Plaintiffs assert that Facebook's alleged removal of content from Plaintiff's Facebook pages violated Defendants' contractual and quasi-contractual obligations to keep Plaintiffs' content posted indefinitely. ECF No. 13 ("Am. Compl."). Defendants move to dismiss all of Plaintiffs' claims on the ground that they are, among other things, barred by the Communications Decency Act ("CDA"). *See* ECF Nos. 14 ("Mot.") & 15 ("Defs.' Mem."). In the alternative, they move to transfer venue to the Northern District of California on the basis of a forum selection clause in Facebook's Terms of Use. Defs.' Mem. 1-2; *see* ECF No. 14-1 ("Wong Decl."), ¶¶ 4-7.

      Substantially for the reasons set forth in Defendants' memoranda of law, the Court grants Defendants' motion to transfer — and denies the motion to dismiss without prejudice to renewal following the transfer. To start, forum selection clauses "are prima facie valid and should be

enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Sunrise Medical HHG, Inc. v. Health Focus of N.Y.*, 278 F. App'x 80, 81(2d Cir. 2008) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49 (2013). More specifically, whether to enforce a forum selection clause turns on a four-part test:

> The party moving for dismissal must demonstrate that: (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause was mandatory and not merely permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause. If these requirements are met, the burden shifts to the nonmoving party to rebut the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 516 (S.D.N.Y. 2012), *aff'd*, 740 F.3d 211 (2d Cir. 2014) (internal quotation marks and citations omitted).

Applying that test here, transfer is warranted, if not compelled. As relevant here, Facebook's "terms of use" — which the Court may consider in connection with Defendants' motion to transfer venue, *see Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 737 n.1 (S.D.N.Y. 2013); *see also Fisher v. eBay, Inc.*, No. 3:17-CV-0008 (DJS), 2017 WL 9565759, at *1 (D. Conn. July 26, 2017) — provided as follows:

> You [the user] will resolve any claim, cause of action or dispute (claim) you have with us arising out of or relating to this Statement or Facebook exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County, and you agree to submit to the personal jurisdiction of such courts for the purpose of litigating all such claims. The laws of the State of California will govern this Statement, as well as any claim that might arise between you and us, without regard to conflict of law provisions.

Wong Decl. ¶ 3 & Ex. A at 7; *see also id*. Ex. B at 4, Ex. C at 3 & Ex. D at 6. According to Defendants, "[e]very person who registers for, uses, and continues to use a Facebook account must agree to Facebook's terms of use a condition of using Facebook's services." Wong Decl.

2

¶ 3.  Notably, Plaintiffs do not argue otherwise in their opposition, *see* ECF No. 22 ("Pls.' Opp'n"), at 16-21, and they themselves allege in their Complaint that, at all relevant times, they "were in full compliance with all standards, rules, and regulations of the Defendants," Am. Compl. ¶¶ 9, 21.  That is more than sufficient to establish that Plaintiffs "assented to the Terms of Use and therefore to the forum selection clause therein."  *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 839-41 (S.D.N.Y. 2012); *accord In re Facebook Biometric Privacy Litig.*, 185 F. Supp. 3d 1155, 1163-67 (N.D. Cal. 2016); *Facebook, Inc. v. Power Ventures, Inc.*, No. C 08-5780 (JW), 2010 WL 3291750, at *7 n.20 (N.D. Cal. July 20, 2010).  Next, the clause is plainly mandatory, not permissive, given that it states that a user "will resolve" any claim with Facebook "exclusively" in the Northern District of California (or a state court located in San Mateo County), and it covers Plaintiffs' claims, which indisputably "relat[e] to . . . Facebook."

In light of the foregoing, it is Plaintiffs' burden "to rebut the presumption" that the forum selection clause is enforceable "by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Martinez*, 883 F. Supp. 2d at 516.  They could do that by showing that "(1) [the clause's] incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court."  *Martinez*, 740 F.3d at 228 (internal quotation marks omitted)).  They do not even attempt to make such a showing.  Nor could they, for the reasons set forth in Defendants' memorandum of law.  *See* Defs.' Mem. 22-23.  That is, the Court agrees with Defendants that the public interest factors tip in favor of enforcing

the parties' agreement and transferring the case to their agreed-upon venue.  *See id.*; *see also Atl. Marine Const. Co.*, 571 U.S. at 60 ("[A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." (internal quotation marks and citation omitted)).

Accordingly, Defendants' motion to transfer is GRANTED and their motion to dismiss is DENIED without prejudice to renewal following transfer.  The Clerk of Court is directed to terminate ECF No. 14, to transfer this action to the United States District Court for the Northern District of California, and to close the case on this Court's docket.

SO ORDERED.

Dated: June 3, 2020
      New York, New York

                                    JESSE M. FURMAN
                                    United States District Judge